DOUCET, Judge.
This case arises out of a trip and fall in a Service Merchandise store.
On October 19, 1985, Sheila Varnell tripped over a display in a Service Merchandise showroom located in Lafayette, La. As a result, Mrs. Varnell brought suit against Service Merchandise Co., Inc. (Service), and its insurer, Old Republic Insurance Co. The case was tried before a jury. After the trial the jury, in response to jury interrogatories, found that Service was not negligent. As a result, Mrs. Varnell’s claim was dismissed at her cost. Mrs. Var-nell appeals.
On appeal Mrs. Varnell contends that the trial judge erred in excluding from evidence OSHA regulations and the defendant’s safety manual which incorporates OSHA regulations by reference. In her brief, Mrs. Varnell argues that OSHA regulations were relevant and admissable to establish the standard of care owed by a retail merchant to an invitee.
29 U.S.C.A. § 654, which is part of the legislation known as the Occupational Safety and Health Act of 1970 (OSHA), provides that:
' (a) Each employer—
(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;
(2) shall comply with occupational safety and health standards promulgated under this Act.
(b) Each employee shall comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this Act which are applicable to his own actions and conduct.
The trial judge excluded evidence of the OSHA regulations on a finding that their prejudicial effect would outweigh their probative value. La.C.E. Art. 403 provides that:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
See also Sprankle v. Bower Ammonia & Chemical Co., 824 F.2d 409 (C.A. 5th Cir.1987) wherein the Federal appellate court upheld the exclusion of OSHA regulations based on reasons similar to those given by the trial court here.
Further, in this ease the trial court allowed extensive testimony on safety and safety standards from the plaintiff’s ex *1044 pert, Wilfred Gallardo. As a result, the effect of admission of the OSHA regulations and the Service safety manual would have been cumulative. The admission of cumulative evidence is within the discretion of the trial court. Gormley v. Grand Lodge of State of La., 503 So.2d 181 (La.App. 4th Cir.1987), writ denied, 506 So.2d 1227 (La.1987). See also La.C.E. Art. 403.
Additionally, in light of dicta set out in Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 (C.A. 5th Cir.1982), we question the relevancy of OSHA regulations to an action by a non-employee since OSHA regulations are designed to protect employees.
Accordingly, we conclude that the trial court acted within its discretion in excluding the OSHA regulations and the Service safety handbook from evidence.
As a result, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the plaintiff.
AFFIRMED.