12D ALE Y Judge.
This is a suit by plaintiff, Western Specialized Transportation Services, Inc., to recover from Harry Chibberton d/b/a Chibberton & Sons Engine, Inc. $2,004.76 allegedly due for transporting certain goods on behalf of Chib-berton from Alabama to Massachusetts. Following a trial on the merits, judgment was rendered in favor of Western and against Chibberton in the amount of $2004.76. Plaintiffs request for attorney’s fees was denied. Defendant appeals suspen-sively. We affirm.
Chibberton is in the business of installing marine engines and performing repair work on vessels. He was hired to install an engine in a vessel owned by Sang Van Tran which was located in Massachusetts. Chibberton contacted Western to have the engine transported to Massachusetts. Western performed this task and issued a bill to Chibber-ton. Chibberton refused to pay contending that he had not agreed to be responsible for the bill, but that Western was to charge the transportation to Tran. Western contends that Chibberton was to be responsible for | 3 the bill as evidenced by a copy of the invoice. Because Chibberton refused to pay, this suit followed and judgment rendered as set forth above.
On appeal, Chibberton contends the trial court erred in finding a contract for the carriage of goods existed between Western and Chibberton; that any contract that existed was for the account of Chibberton and not Tran; that allegations in other litigation can be used to prove a contract herein; hearsay was allowed to prove the existence of the contract and admissions by Chibberton; and it was not error to refuse to award attorney’s fees.
In brief, Western contends the trial court erred in failing to award attorney’s fees. However, that portion of the judgment is final as Western has not appealed nor answered the appeal of Chibberton. Matthews v. Consolidated Companies, Inc., 95-1925 (La.12/8/95), 664 So.2d 1191, rehearing denied 95-1925 (La.1/26/96), 666 So.2d 662; W. Handlin Marine, Inc. v. Gulf States Marine, Inc., 624 So.2d 907 (La.App. 5 Cir.1993), writ denied 631 So.2d 1166.
After considering the evidence presented, the trial court found in favor of Western and rendered judgment against Chibberton for $2,004.76. On appeal, this court may not set aside a trial court’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). In Mart v. Hill, 505 So.2d 1120 (La.1987), the Supreme Court stated the two-tier test for reversal on appellate review:
(1) [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) the appellate court must further determine that the record establishes that *1061 the finding is clearly wrong (manifestly erroneous).
|4The issue presented for review is whether Western proved by a preponderance of the evidence that Chibberton contracted with Western for the carriage of goods from Mississippi to Massachusetts. It is undisputed that Chibberton contacted Western and requested that Western transport an engine to Massachusetts for installation into a boat owned by Tran. Western delivered the engine as per the agreement and sent a bill to Chibberton for payment. Chibberton refused to pay stating that the order was placed for Tran and that Western was advised that Tran was responsible for payment.
Western maintains that Chibberton is responsible for the bill. In support, they introduced a Bill of Lading and Waybill identifying the amount due and indicating that the charges would be placed on the account of Chibberton. Western also introduced correspondence concerning attempts to collect the debt from Chibberton. Further, Western introduced a copy of a lawsuit filed in La-fourche Parish on behalf of Chibberton naming Tran as defendant and seeking payment of $20,034.93 allegedly due from Tran. Attached to the Petition is an invoice from Chibberton to Tran evidencing the debt. Included in this invoice is a charge for “freight truck to transport Cat engine to Ms. $1,955.26.” Not only did Chibberton stipulate to this evidence, they also introduced a copy of the Lafourche Parish Petition and attachments, including the invoice. Furthermore, the record indicates the Lafourche matter was concluded as a Judgment was entered on the suit.
Chibberton objected to the introduction of the invoices from Western and the testimony of Angela Langlinais, an employee of Western who testified concerning the invoices, on hearsay grounds. Western maintained the evidence was admissible based on the business records exception of La. C.E. Art. 803(6). Chibberton contends this ruling was in error as Ms. Langlinais was not the custodian of the | .¡records nor did she testify that the person making the business record had knowledge of the transaction.
Ms. Langlinais testified she works in the Collection Department for Western and underwent training in the Receivables Department when she began working there. She testified based on her personal knowledge and training regarding the Chibberton invoice and of the company procedure used to collect on the invoice. She identified the invoice and collection letters as being made in the normal course of Western’s business.
Article 803 provides, in pertinent part, that:
The following are not excluded by the hearsay rule even though the declarant is available as a witness:
‡ ‡ ‡ ‡ ‡
(6) Records of regularly conducted business activity. In a civil case, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term “business” as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.
*1062 In Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122, 129 (La.App.2d Cir.1990) the Court held:
[ (¡The witness laying the foundation for admissibility of business records need not have been the preparer of the records. The person who keeps the books and records and makes the entries need not testify if a person who is in a position to attest to the authenticity of the records is present to testify. U.S. v. Fendley, 522 F.2d 181, 185 (5th Cir.1975). Nothing in the Code of Evidence specifically requires either that the foundation witness be able to personally attest to the accuracy of the information contained in the documents. Indeed, Article 80S specifically eliminates these requirements. See Fendley, supra. ...
Accordingly, we find no error in the trial court’s ruling that the Bill of Lading and Waybill and the collection letters are admissible under the business records exception to the hearsay rule.
Chibberton next complains that the court erred in allowing “allegations in another litigation [to] be utilized to prove another contract.” First, it must be noted that nowhere does the record indicate that the basis of this judgment was the allegations in the Petition of the Lafourche Parish suit. Further, counsel for Chibberton did not object to the introduction of the Petition and invoice, but stipulated to their introduction and subsequently offered the same evidence on his behalf. Accordingly, we find no merit to the contention that the allegations of the La-fourche Parish suit were the basis for finding a contract in this suit. Rather, when all of the evidence is considered, a finding in favor of Western is supported by all the evidence submitted to the trial court. Accordingly, this assignment of error has no merit.
Lastly, Chibberton contends the trial court erred in finding there was a contract for the carriage of goods between Western and Chibberton instead of on account of Tran. In proving an open account, the creditor first must show that the record of account was kept in the course of business. Once the creditor establishes a prima facie case, the burden of proof shifts to the debtor to disprove the existence or correctness of the account. Farlee Drug Center, Inc. v. Belle Meade Pharmacy, Inc., 464 So.2d 802 (La.App. 5th Cir.1985). Prima fade evidence is evidence sufficient to establish a given fact, which, if not rebutted or contradicted, will remain sufficient. Dupre v. Joe’s Riverside Seafood, Inc., 578 So.2d 158,163 (La.App. 1st Cir.1991). See also W. Handlin Marine, Inc. v. Gulf States Marine, Inc., 624 So.2d 907 (La.App. 5 Cir.1993), supra.
It is undisputed that Chibberton called Western and ordered the shipping of the engine for the price charged. The only dispute is whether Chibberton advised Western that Tran would be responsible for the charges and, if so, whether Western agreed that Tran would be responsible.
The evidence supports a finding that Chib-berton was to be responsible for the charges. Western proved the record of account was kept in the ordinary course of its business and identified Chibberton as the obligor. Chibberton submitted a bill to Tran for all his services and was paid by cheek. However, a stop payment order was issued on the check resulting in Chibberton not being paid. Thereafter, Chibberton filed suit and obtained a judgment against Tran. The only evidence supporting Chibberton is his self serving testimony that Tran was to be responsible to Western for the charges. After hearing the testimony and reviewing the evidence submitted, the trial court found in favor of Western. We cannot say this decision is clearly wrong or manifestly erroneous.
Accordingly, for the above reasons, the trial court judgment is affirmed. Chibberton to pay all costs of this appeal.
AFFIRMED.