FREDERICKA HOMBERG WICKER, Judge.
 

 12This is a personal injury matter. Plaintiff James Finch (“Finch”) appeals a judgment of the trial court dismissing his claims in favor of defendants ATC/Vancom Management Services Limited Partnership d/b/a Jefferson Transit Westside (“Jefferson Transit”), Discover Property & Casualty Insurance Company (“Discover”), and Natalie Jones (“Jones”). Finch specifies as error the trial court’s refusal to admit a letter into evidence. Finch further alleges that the trial court’s refusal to admit the letter into evidence is reversible error. For the reasons that follow, we affirm the judgment of the trial court.
 

 FACTS AND PROCEDURAL HISTORY
 

 This matter was tried before a jury over three days. Finch called nine witnesses on his behalf. The defendants called seven. However, Finch chose to designate a very small portion of the record for this Court’s review.
 
 See
 
 La. C.C.P. art. 2128 (the appellant may “designate in a writing filed with the trial court | ¡¡such portions of the record which he desires to constitute the record on appeal”). Accordingly, almost none of the procedural history and underlying facts of this matter are contained in the record before this Court. The only relevant documents contained in the designated record are trial court minutes, Finch’s petition for damages, the trial court’s judgment, the motion for appeal, the transcription of Aaron Jordan’s (“Jordan”) trial testimony, the transcription of Orlandez Pierre’s (“Pierre”) trial testimony, and various exhibits.
 

 Finch’s petition for damages alleges that on August 3, 2005, he was a passenger on a Jefferson Transit bus. The petition further alleges that the bus struck a large piece of concrete, which caused Finch to be violently thrown from his seat and sustain severe injuries. According to Finch, the bus was traveling at an excessive rate of speed when the accident occurred. Jefferson Transit was alleged to have caused Finch’s injuries by its failure to maintain and failure to properly train its employees. Discover was alleged to be Jefferson Transit’s liability insurer. Jones, the driver of the bus, was not named as a defendant in the July 6 petition. There are no supplemental and amending petitions in the record before this Court.
 

 Trial in this matter began on January 5, 2009. Jordan testified that at the time of the accident, he was employed as an insurance adjuster by Frontier Adjusters. Jordan further testified that Jones was driving the bus at the time of the accident. Jordan visited the scene of the accident shortly after the accident had occurred and made a report. Jordan also received several documents from Hertz Claims Management, the insurer of the bus.
 
 *218
 
 Finch’s counsel attempted to ask Jordan about a letter he received from Charlie Davis, a Hertz Claims Management adjuster (the “Hertz letter”). The relevant portion of the Hertz letter provides as follows:
 

 \ ¿COVERAGE:
 
 $500,000 CSL
 

 [[Image here]]
 

 INVESTIGATION:
 
 Accident will not require much investigation. The accident basically speaks for itself. We will secure damage information, statements, and scene photos.
 

 [[Image here]]
 

 LIABILITY:
 
 Based on investigation, liability is adverse against our driver. It is my opinion that we owe passengers claims. However, there is possibility of some comparative with regards to the pot hole in the road.
 

 [[Image here]]
 

 ACTION PLAN:
 
 We are waiting on all injury information to come in for evaluation. Contact will be made with attorney of any represented claimant. This one speaks for itself. We should prepay [sic] to pay this one.
 

 Defense counsel objected to the Hertz letter as inadmissible hearsay. Counsel for Finch argued that the Hertz letter was excepted from the hearsay rule as a record of a regularly conducted business activity or, alternatively, as a statement against interest. The trial court agreed with the defense and refused to admit the Hertz letter into evidence. Finch’s counsel proffered the letter. On January 7, 2009, the jury returned a verdict in favor of the defendants. The trial court thereafter signed a judgment dismissing Finch’s claims at his cost. Finch filed this timely appeal.
 

 SPECIFICATION OF ERROR
 

 Finch does not deny that the Hertz letter is hearsay. However, Finch contends that the trial court should have admitted the letter as a statement against interest pursuant to La. C.E. art. 804(B)(3) or, alternatively, as a record of a regularly conducted business activity pursuant to La. C.E. art. 803(6). Finch additionally contends that the trial court’s failure to admit the Hertz letter into evidence was prejudicial and requires a new trial.
 

 |5Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801. Hearsay is inadmissible at trial unless one of the exceptions in the Code of Evidence applies. La. C.E. art. 802. Moreover, the trial court is given vast discretion in its evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal in the absence of an abuse of discretion.
 
 BellSouth Telecomm., Inc. v. City of Lafayette,
 
 05-1478, 05-1505 (La.App. 3 Cir. 1/5/06), 919 So.2d 844.
 

 Statements Against Interest
 

 If the declarant is unavailable as a witness, “[a] statement which was at the time of its making so far contrary to the declarant’s pecuniary or proprietary interest” is admissible hearsay. La. C.E. art. 804(B)(3). A declarant is “unavailable as a witness” when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. La. C.E. art. 804(A). This includes situations in which the declarant “is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.” La. C.E. art. 804(A)(5). The proponent of the statement bears the burden of proving the unavailability of the declarant.
 
 Ohio v. Roberts,
 
 448 U.S. 56, 65, 100 S.Ct. 2531, 2538-39, 65 L.Ed.2d 597 (1980),
 
 abrogated on other grounds by
 
 
 *219
 

 Crawford, v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
 

 In his brief to this Court, Finch suggests that “commentators to La. C.E. art. 804 state that a witness is unavailable if he resides out of state.” Finch cites to a treatise on Louisiana evidence, which provides “[l]egal unavailability of a witness may come about because of illness (both mental and physical), physical infirmity, residence outside the state, or loss of memory.”
 
 See
 
 Bobby Marzine Harges and ^Russell L. Jones, Louisiana Practice; Louisiana Evidence § 804. According to Finch, if a declarant resides outside of Louisiana, he is necessarily and automatically “unavailable” for the purposes of La. C.E. art. 804(A)(5). Thus, Finch’s argument follows, the proponent of the statement need not demonstrate any effort to secure the declarant’s availability at trial.
 

 This premise is singularly meritless for three reasons. First, the express language of La. C.E. art. 804(A)(5) requires a party to attempt “to procure [the declar-ant’s] attendance by process or other reasonable means” before using the declar-ant’s statement against interest at trial. Here, there is no indication that Finch attempted to procure Charlie Davis’s or Hertz Claims Management’s attendance at trial.
 

 Second, the Louisiana Supreme Court has long held that a declarant is not unavailable for the purposes of La. C.E. art. 804(A)(5) unless the proponent of the statement has made a diligent and good faith effort to obtain the declarant’s presence at trial.
 
 Driscoll v. Stucker,
 
 04-0589 (La.1/19/05), 893 So.2d 32, 50 (citing
 
 Barber v. Page,
 
 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)).
 

 In
 
 Driscoll,
 
 a scrub technician allegedly told a nurse that he had helped the plaintiff perform cosmetic surgical procedures outside of the plaintiffs duties and employment.
 
 Driscoll,
 
 893 So.2d at 49. The defendant contended that the scrub technician’s statements to the nurse were statements against interest by an unavailable witness and were therefore admissible hearsay.
 
 Id.
 
 The Supreme Court found that the defendant had not met his burden of proving that the scrub technician was unavailable. The Court reasoned:
 

 In the present case, [the defendants] merely assert [that the scrub technician] was unavailable to testify. There is no showing in the record to indicate they made any effort, much less a diligent and good faith effort, to obtain his presence at trial. Thus, they have failed to show they may avail themselves of this exception to the hearsay rule.
 

 |
 
 r,Id.
 
 at 50 (emphasis added).
 

 This has been in the jurisprudential rule in Louisiana for more than 70 years.
 
 See Citizens Bank & Trust Co. v. Jones,
 
 167 So. 511, 514 (La.App. 2 Cir.1936) (“[w]e conclude that the former testimony admitted in this case was erroneously admitted for the reason that it was not shown by plaintiffs that the witnesses and their testimony, used in the former trial, could not have been secured had the proper diligence been used.”).
 

 Finally, several legal commentators suggest that Finch’s argument is erroneous. The treatise on Louisiana evidence cited by Finch states unequivocally “[i]n the case of an absent witness, the offering party must demonstrate that he exercised due diligence in attempting to procure the presence of the witness” before the witness can be considered unavailable.
 
 See
 
 Bobby Marzine Harges and Russell L. Jones, Louisiana Practice; Louisiana Evidence § 804. Another influential treatise on evidence states that “[t]he proponent of the hearsay statement must ... establish that the witness cannot be found.” 2 Ken-
 
 *220
 
 NETH S. BROUN,
 
 ET Ah.,
 
 McCORMICK ON EVIDENCE § 253, at 170 (6th ed.2006)
 

 Here, Charlie Davis drafted the Hertz letter, thus he is the declarant of the letter.
 
 See
 
 La. C.E. art. 801(B). There is absolutely no evidence in the record before us that Finch made any effort to secure the presence of Charlie Davis at trial. In order to utilize the Hertz letter as a statement against interest, Finch must prove that Charlie Davis was unavailable. He has not met that burden.
 

 Accordingly, we conclude that the failure of the trial court to admit the Hertz letter as a statement against interest was not manifestly erroneous.
 

 Regularly Kept Business Records
 

 |gFinch also contends that the Hertz letter is admissible as a regularly kept business record. La. C.E. art. 803(6) provides that “records of regularly conducted business activity” are not excluded by the hearsay rule if the proponent can establish the record was (1) made at or near the time by, or from information transmitted by, (2) a person with knowledge, (3) made and kept in the course of a regularly conducted business activity, and (4) that it was the regular practice of that business activity to make and to keep the information.
 
 See also National Information Services, Inc. v. Gottsegen,
 
 98-528 (La.App. 5 Cir. 6/1/99), 737 So.2d 909, 914. La. C.E. art. 803(6) is substantially derived from its federal counterpart Fed.R.Evid. 803(6).
 

 The party who seeks to introduce written hearsay evidence pursuant to La. C.E. art. 803(6) must authenticate it by a qualified witness. However, the witness laying the foundation for admissibility of business records need not have been the preparer of the records.
 
 See, e.g., Western American Specialized, Transp. Services, Inc. v. Chibberton,
 
 97-102 (La.App. 5 Cir. 5/28/97), 695 So.2d 1059, 1062 (citing
 
 Cole Oil & Tire Co., Inc. v. Davis,
 
 567 So.2d 122, 129 (La.App. 2 Cir.1990)). Rather, La. C.E. art. 803(6) permits the custodian of the record “or other qualified witness” to establish the essential foundational predicate.
 
 See also State v. Marston,
 
 2000-0589 (La.3/16/01), 780 So.2d 1058, 1063. A qualified witness only need “have familiarity with the record-keeping system” of the entity whose business records are sought to be introduced.
 
 State v. Juniors,
 
 2003-2425 (La.6/29/05), 915 So.2d 291, 327. If the foundation witness cannot vouch that the requirements of the Code of Evidence have been met, the evidence must be excluded.
 
 Id. See also State v. Borne,
 
 96-1130 (La.App. 4 Cir. 3/19/97), 691 So.2d 1281,
 
 writ denied,
 
 97-1021 (La.10/3/97), 701 So.2d 197.
 

 |9In this case, Finch did not lay the proper foundation for admission of the Hertz letter as a business record. At trial, Jordan testified that he kept various adjusting records in the normal course of working for Frontier Adjusters. However, the Hertz letter was created by Hertz Claims Management, not Frontier Adjusters. There is no indication in the record that Jordan was familiar with the record keeping procedures of Hertz Claims Management. There is no indication in the record before us that any witness testified as to the record keeping procedures of Hertz Claims Management. The record keeping practices and the business activities of Frontier Adjusters are irrelevant to whether a document created by a Hertz Claims Management employee should have been admitted into evidence as a business record.
 
 Compare Juniors,
 
 915 So.2d at 327 (“However, when the drug test form from the independent laboratory was presented to the witness for identification, she acknowledged that report was generated by the independent laboratory ... Further, she was unable to explain how the
 
 *221
 
 notation “Positive marijuana” came to be handwritten on the bottom of the form ... Under such circumstances, it is clear the necessary predicate was not established for admissibility of the ... form under the business records exception”)
 
 with State v. Gordy,
 
 2007-1032 (La.App. 3 Cir. 3/12/08), 981 So.2d 45, 48 (holding an insurance report generated by a Progressive Insurance agent based in Texas admissible as a business record because the Progressive insurance agent based in Louisiana who received the report testified about the recordkeeping practices of Progressive).
 

 Accordingly, we conclude that the failure of the trial court to admit the Hertz letter as a regularly conducted business record was not manifestly erroneous.
 

 |
 
 ^Harmless Error: Cumulative Testimony
 

 Finch contends that the trial court’s refusal to admit the letter into evidence is reversible error and mandates a new trial. We disagree. Even if we were to find that the trial court erred in failing to admit the Hertz letter, the error was harmless because the letter was cumulative of other evidence contained in the record.
 

 The effect of an erroneous evi-dentiary ruling is that “[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected.” La. C.E. art. 103. The admission of hearsay testimony is subject to the harmless error analysis.
 
 Brooks v. Southern University and Agricultural and Mechanical College,
 
 2003-0231, p. 11 (La.App. 4th Cir.7/14/04), 877 So.2d 1194, 1203,
 
 writ denied,
 
 2004-2246 (La.11/19/04), 888 So.2d 208. Moreover, where evidence is admitted that is merely cumulative of other evidence in the record, any error in its admission is harmless.
 
 See, e.g., Everhardt v. Louisiana Dept. of Transp. and, Development,
 
 2007-0981 (La. App. 4 Cir. 2/20/08), 978 So.2d 1036, 1048 (citing
 
 Kaufman v. Sewerage & Water Bd. of N. O.,
 
 99-1942, p. 15 (La.App. 4 Cir. 5/3/00), 762 So.2d 644, 653).
 

 In this case, after Finch designated the record for appeal, the defendants filed a motion to supplement the record with Pierre’s testimony. At trial, Pierre testified that he was Jefferson Transit’s operation manager at the time the accident occurred. He filed a report about this accident with the Accident Review Board. The Accident Review Board decided to suspend Jones for a period of 10 days. The Board sent Pierre a letter informing him of its decision. The letter was introduced into evidence. It states, in pertinent part:
 

 On August 3, 2005 Ms. Jones was involved in an accident. The accident was viewed by the accident review board and found to have been preventable. This is Ms. Jones’s second preventable accident within a 30 day period.
 

 | T1 (emphasis added)
 

 Similarly, a Supervisor Accident/Incident Report introduced into evidence indicates that Jones told her supervisor that she drove the bus over a crack in the street, blew two rear tires, panicked, and accidentally pressed the accelerator rather than the brake. A Collision/Injury Report indicates that the accident took place during good conditions and that Jones drove over a crack in the street and blew two rear tires. Thus, the jury heard the same information that the Hertz letter would have provided.
 
 See by analogy Varnell v. Service Merchandise Co., Inc.,
 
 613 So.2d 1042, 1043-44 (La.App. 3 Cir.1993) (holding that the trial court did not err in excluding the defendant’s regulations and safety manual into evidence when the trial court had already allowed extensive testimony on safety standards and the manual
 
 *222
 
 from the plaintiffs expert);
 
 Hyatt v. Raggio,
 
 1999-887 (La.App. 3 Cir. 2/2/00), 757 So.2d 773, 780-81 (holding that the trial court did not abuse its discretion in excluding expert testimony offered by patient in medical malpractice case, where expert would have offered essentially same type of testimony as patient’s other witnesses). We conclude that even if the trial court erred in refusing to admit the Hertz letter, such error was harmless.
 

 Accordingly, this specification of error has no merit.
 
 [1]
 

 CONCLUSION AND DECREE
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Finch.
 

 AFFIRMED.
 

 [1]
 

 . In its brief to this Court, the defendants contend that the Hertz letter should not have been admitted because its prejudicial effect substantially outweighs its probative value.
 
 See
 
 La. C.E. art. 401; La. C.E. art. 403. Because we find that the Hertz letter was inadmissible as a statement against interest or business record and that it was cumulative of other evidence in the record, we need not address this argument.