PATRICIA RIVET MURRAY, Judge.
| defendants in this personal injury action, Roy Reimonenq and his insurer, U.S. Agencies, appeal the trial court’s judgment rendered in favor of plaintiff, Steve Brooks. For the reasons that follow, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
Mr. Brooks’ petition for damages alleges that on February 25, 2008, he was driving northbound on Franklin Avenue in New Orleans, Louisiana, when Mr. Reimonenq suddenly backed his vehicle out of a driveway, colliding with Mr. Brooks’ vehicle. U.S. Agencies insured Mr. Reimonenq’s vehicle.
The matter was tried in the First City Court for the Parish of Orleans. Mr. Reimonenq was personally served, but failed to appear at trial. No explanation was provided for his absence. The trial court heard testimony from two witnesses, Mr. Brooks and Michelle Keys, a claims adjuster for U.S. Agencies.
Mr. Brooks testified that he was driving along Franklin Avenue when Mr. Reimo-nenq suddenly backed out of a driveway. He stated that he applied his brakes but was unable to stop. The police were called to make a report of the accident. Mr. Brooks sought medical treatment at United Chiropractic Clinic the following day for headaches and pain in his neck and back. He was treated at |2United Chiropractic Clinic from February 26, 2008, until September 25, 2008. A certified copy of Mr. Brooks’ medical records was introduced. Mr. Brooks also testified that his vehicle sustained damage to the front bumper. A vehicle repair estimate of $1,500.00 was submitted into evidence.
In light of Mr. Reimonenq’s absence at trial, Mr. Brooks attempted to introduce the police report as well as Mr. Reimo-nenq’s answers to interrogatories. Counsel for Mr. Brooks explained that he was seeking to introduce the police report (generally considered inadmissible evidence) only because Mr. Reimonenq had deferred to the police report in answering each interrogatory and in responding to *827 requests for production of documents. However, the trial court sustained defense counsel’s objection to the introduction of the police report.
Ms. Keys testified that as a litigation adjuster for U.S. Agencies, she had been assigned to review the claim against Mr. Reimonenq. She acknowledged that Mr. Reimonenq was the insured on the claim and stated that U.S. Agencies had made a liability determination that was adverse to its insured.
Defense counsel objected to the testimony of Ms. Keys, arguing she should not be allowed to testify because the U.S. Agencies’ claim file contained hearsay information of which she had no personal knowledge. The trial court overruled the objection, citing the business records exception to the hearsay rule.
After the evidence was presented, defendants moved for a directed verdict, which was denied. The trial court found Mr. Reimonenq liable for the accident, and awarded Mr. Brooks $14,000.00 in general damages, $4,755.00 in medical expenses, and $1,500.00 in property damage to his vehicle. Defendants’ timely suspensive appeal followed.
^ISSUES
In this appeal, defendants assert two assignments of error: (1) the trial court erred in allowing Ms. Keys’ hearsay testimony; and (2) the trial court erred in rendering judgment in favor of Mr. Brooks where Mr. Brooks failed to prove all of the elements of his claim, i.e., he failed to identify Mr. Reimonenq as the driver. We address each issue in turn.
DISCUSSION

Assignment of Eiror No. 1: The trial court erroneously allowed into evidence inadmissible hearsay records and testimony from Ms. Keys.

Defendants assert that because Ms. Keys’ knowledge of the facts of the accident is based solely on hearsay evidence, i.e., the police report, and not from any statements taken from the insured, her testimony constitutes hearsay within hearsay. However, while we recognize that police reports are considered to be inadmissible hearsay, the record in the present case does not support defendants’ assertion that U.S. Agencies’ liability determination was based entirely upon the police report. To the contrary, Ms. Keys testified that although she had not personally taken a statement from Mr. Reimonenq, she was certain that a statement had been taken from him during the course of the investigation.
Defendants also argue that the trial court erroneously applied the business records exception to the hearsay rule in permitting the testimony of Ms. Keys. Defendants assert that a proper foundation was never laid in order to qualify the U.S. Agency claim file under the business records exception because there was no testimony regarding the preparation or circumstances that produced the claim file.
The Louisiana Code of Evidence defines hearsay as “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in |4evidence to prove the truth of the matter asserted.” La. C.E. art. 801(C). Hearsay is inadmissible at trial unless one of the exceptions in the Code of Evidence applies. La. C.E. art. 802. Generally, a trial court’s rulings on evidentiary issues will not be disturbed absent a clear abuse of discretion. Stewart v. Ice, 07-0871, p. 7 (La.App. 4 Cir. 4/9/08), 982 So.2d 928, 933 (citing Jones v. Peyton Place, Inc., 94-0574, pp. 11-12 (La.App. 4 Cir. 5/22/96), 675 So.2d 754, 763).
La. C.E. art. 803 provides the business records exception to the hearsay rule, stating in relevant part:
*828 The following are not excluded by the hearsay rule, even though the declarant is available as a witness;
(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term “business” as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.
It is well settled that the witness laying the foundation for admissibility of business records need not have been the preparer of the records. Finch v. ATC/Vancom Management Services Ltd. Partnership, 09-0483, p. 8 (La.App. 5 Cir. 1/26/10), 33 So.3d 215, 220. Under article 803(6), what is necessary is that a |scustodian or other qualified witness explain the record-keeping procedures of the business and thus lay the foundation for the admissibility of the records. Id. A qualified witness is one who has a familiarity with the record-keeping system of the business. Id. (citing State v. Juniors, 03-2425, p.47 (La.6/29/05), 915 So.2d 291, 327).
In the instant case, Ms. Keys testified that she was a litigation adjuster for U.S. Agencies. She stated that she had reviewed the file that was prepared in connection with the investigation of the claim against Mr. Reimonenq. Our review of the record indicates that Ms. Keys demonstrated complete familiarity with the documents contained in the file. We find that Ms. Keys qualified as a proper witness under the business records exception and that her testimony was adequate to establish a foundation for the introduction of the evidence. Accordingly, the trial court did not err in allowing Ms. Keys to testify as to the information contained in the U.S. Agencies claim file.

Assignment of Error No. 2: (The trial court erroneously rendered judgment in favor of Mr. Brooks as Mr. Brooks failed to prove all of the elements of his claim by a preponderance of the evidence.)

Defendants argue Mr. Brooks failed to introduce sufficient evidence to show that the negligence of Mr. Reimo-nenq caused plaintiff’s injuries. It is well settled that a trial court’s finding of fact may not be set aside by the appellate court in the absence of “manifest error” or unless it is “clearly wrong;” where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The *829 issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact-finder’s | ^conclusion was a reasonable one. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993).
Defendants contend that the trial court committed manifest error by finding that Mr. Brooks had proved his case in light of Mr. Brooks’ failure to link Mr. Reimonenq to the accident in question. More specifically, defendants argue that Mr. Brooks failed to identify or describe Mr. Reimo-nenq or the vehicle involved in the accident and also failed to obtain testimony from the investigating officer.
Mr. Brooks counters that the trial court did not err by finding Mr. Reimonenq liable for causing the accident based on Mr. Brooks’ testimony in conjunction with the adverse presumption that arose from Mr. Reimonenq’s failure to testify at trial. Mr. Brooks argues that Mr. Reimonenq could have provided testimony in his own defense on the issue of liability, but he failed without explanation to appear.
An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, even though the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case. Driscoll v. Stucker, 04-0589, p.18 (La.1/19/05), 893 So.2d 32, 47. The adverse presumption is referred to as the “uncalled witness” rule and applies when a party has the power to produce witnesses who would elucidate the transaction or occurrence but fails to call those witnesses. Id., p. 19, 893 So.2d at 47. Explaining the adverse presumption, the Louisiana Supreme Court noted “[w]hen a defendant in a civil case can by his own testimony throw light upon matters at issue, necessary to his defense and particularly within his own knowledge, and fails to go upon the witness stand, the presumption is raised and will be given effect, that the |7facts, as he would have them do not exist.” Id., pp. 18-19, 893 So.2d 47 (quoting Taylor v. Entergy Corp., 01-0805 (La.App. 4 Cir. 4/17/02), 816 So.2d 933).
Here, defendants contend that the adverse presumption stemming from Mr. Reimonenq’s absence did not entitle Mr. Brooks to a judgment in his favor without his having established all of the elements of his claim by a preponderance of the evidence. More particularly, defendants argue that Mr. Brooks should not be allowed to prove his case by relying on inadmissible evidence, i.e., the police report and Ms. Keys’ testimony, which was based on the police report. We are not persuaded by this argument.
Considering the record in its entirety, particularly: (1) Mr. Brooks’ testimony regarding the accident, his injuries, and the damage to his vehicle; (2) Ms. Keys’ admission (based on the admissible evidence contained in U.S. Agencies’ claim file) that U.S. Agencies had made a liability determination adverse to their insured, Mr. Reimonenq; and (3) the legal presumption against Mr. Reimonenq in light of his failure to testify, we find no manifest error in the trial court’s determination that Mr. Brooks met his burden of proof in this matter.
CONCLUSION
For the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.