NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-1385

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
A/S/O JASON J. LOPEZ

VERSUS

DUSTIN P. SMITH

**********

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE CITY COURT, NO. 2009CV01470
HONORABLE FRANCES MORAN BOUILLION, JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED AS AMENDED.

Genovese, J., dissents and assigns written reasons.

L. Phillip Canova, Jr.
Canova and DeLahaye, LLC
58156 Court Street
Plaquemine, LA 70764-2708
(225) 687-8340
Counsel for Plaintiffs/Appellees:
State Farm Mutual Automobile Insurance Company
Jason J. Lopez

**Gerald Charles deLaunay**
**251 La Rue France**
**Lafayette, LA 70508**
**(337) 237-8500**
**Counsel for Defendant/Appellant:**
**Dustin P. Smith**

**EZELL, JUDGE.**

In this matter, Dustin Smith appeals the trial court judgment in favor of State Farm Insurance in the amount of $2,478.47, resulting from his rear end collision with a vehicle insured with State Farm by Jason Lopez. For the following reasons, we hereby affirm the decision of the trial court as amended.

On June 6, 2008, Antonia Lopez was driving a vehicle owned by her ex-husband, Jason Lopez, when she was rear-ended by Mr. Smith. She was allegedly driving Mr. Lopez's vehicle with his permission. Mr. Smith does not deny that he struck the Lopez vehicle. That vehicle was insured by State Farm, who paid Mr. Lopez for the property damages sustained in the accident. State Farm then sued Mr. Smith in subrogation, seeking to recoup the damages it had paid Mr. Lopez. The trial court ruled in favor of State Farm, awarding it $2,478.47 in damages. From that decision, Mr. Smith appeals.

On appeal, Mr. Smith asserts five assignments of error: that the trial court erred in admitting State Farm's "specimen policy" as proof of its insurance contract with Mr. Lopez; that the trial court erred in admitting the testimony of State Farm's representative at trial; and three other assignments of error that truly amount to one, that the trial court erred in finding State Farm had carried its burden of proving it was entitled to the damages awarded. Because these three assignments of error are so similar, we will address them as one.

A trial court is afforded great discretion in the admission of evidence during a trial. Its decision to admit or deny evidence will not be reversed on appeal in the absence of an abuse of that discretion. *McIntosh v. McElveen*, 04-1041 (La.App. 3 Cir. 2/2/05), 893 So.2d 986, *writ denied*, 05-528 (La. 4/29/05), 901 So.2d 1069.

1

Mr. Smith's first evidentiary claim is that the trial court erred in allowing a "specimen policy" into evidence as proof of State Farm's insurance contract with Mr. Lopez. We find this assignment of error to be utterly devoid of merit. The "specimen policy," as referred to by Mr. Smith, matched exactly the form number listed on the certified, unchallenged declarations page of Mr. Lopez's policy. It is plainly obvious that the policy booklet in evidence is the same as given to Mr. Lopez. Its admission was not an abuse of discretion. Moreover, once this fact was pointed out to counsel for Mr. Smith at trial, he withdrew any objection to its admission into evidence. Besides meaning that he could no longer validly raise the issue before the court, as he did not object to it in the trial court below, this fact also shows that he was aware that this assignment of error was so meritless as to render this assignment of error frivolous, and had State Farm sought sanctions, we would probably have been inclined to award them.

Mr. Smith next claims that the trial court erred in allowing what it claims was the hearsay testimony of State Farm's representative, Suzanne McManus.

> The Louisiana Code of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. C.E. art. 801(C). Hearsay is inadmissible at trial unless one of the exceptions in the Code of Evidence applies. La. C.E. art. 802. Generally, a trial court's rulings on evidentiary issues will not be disturbed absent a clear abuse of discretion. *Stewart v. Ice*, 07-0871, p. 7 (La.App. 4 Cir. 4/9/08), 982 So.2d 928, 933 (citing *Jones v. Peyton Place, Inc.*, 94-0574, pp. 11-12 (La.App. 4 Cir. 5/22/96), 675 So.2d 754, 763).

> La. C.E. art. 803 provides the business records exception to the hearsay rule, stating in relevant part:

>> The following are not excluded by the hearsay rule, even though the declarant is available as a witness[:]

>> (6) **Records of regularly conducted business activity.** A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by

2

the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term "business" as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.

It is well settled that the witness laying the foundation for admissibility of business records need not have been the preparer of the records. *Finch v. ATC/Vancom Management Services Ltd. Partnership*, 09-0483, p. 8 (La.App. 5 Cir. 1/26/10), 33 So.3d 215, 220. Under article 803(6), what is necessary is that a custodian or other qualified witness explain the record-keeping procedures of the business and thus lay the foundation for the admissibility of the records. *Id*. A qualified witness is one who has a familiarity with the record-keeping system of the business. *Id*. (citing *State v. Juniors*, 03-2425, p.47 (La.6/29/05), 915 So.2d 291, 327).

*Brooks v. Reimonenq*, 10-296, pp. 3-5 (La.App. 4 Cir. 7/21/10), 44 So.3d 824, 827-28.

In the instant case, Ms. McManus testified that she was an employee of State Farm authorized to appear on its behalf and that she had reviewed the file that was prepared in connection with the investigation of the claim against Mr. Smith. Our review of the record indicates that Ms. McManus demonstrated familiarity with the documents contained in the file and her testimony explained State Farm's normal record-keeping process in a satisfactory manner. We find that Ms. McMannus

3

qualified as a proper witness under the business records exception and that her testimony was adequate to establish a foundation for the introduction of the evidence. Accordingly, the trial court did not err in allowing Ms. McMannus to testify as to the information contained in the State Farm claim file.

Mr. Smith next claims that the trial court erred in finding that State Farm met its burden of proof. Mr. Smith specifically asserts in furtherance of this claim that State Farm failed to prove the vehicle for which it paid damages to Mr. Lopez was indeed the vehicle in the accident or that the damages were incurred in the accident.

It is well-settled in Louisiana that under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court determines that it is manifestly erroneous or clearly wrong. *Stobart v. State through Dept. of Transp. and Dev.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Accordingly, to reverse a fact finder's determinations, an appellate court must review the record in its entirety and find not only that a reasonable factual basis does not exist, but also that the record establishes the fact finder is clearly wrong or manifestly erroneous. *Id.* Likewise, an appellate court cannot reweigh the evidence or substitute its own factual findings because it would have decided the case differently. *Id.*; *Pinsonneault v. Merch. & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270. Where there are two permissible views of the evidence, the fact finder's determinations cannot be manifestly erroneous or clearly wrong. *Rosell*, 549 So.2d 840.

The only real evidence at trial was Mr. Smith's admission that he struck a vehicle driven by Mrs. Lopez on June 6, 2008, and Ms. McManus' testimony that State Farm had paid $1,978.47 for damages from an accident on that same day to Mr. Lopez. Possibly because of the inherent simplicity of this case, State Farm apparently

4

felt little evidence was required to prove its case, as it put on almost none. However, the absolute minimal evidence it did put on apparently was enough to convince the trial court that it had met its burden of proof. Mr. Smith did not testify that he struck a vehicle other than the truck listed under the policy or that his collision caused no damage to the Lopez vehicle. Further, he admitted he struck a vehicle driven by Mrs. Lopez on the date of the claimed loss paid to Mr. Lopez by State Farm. Absent any evidence from Mr. Smith that Mr. Lopez was in a separate accident on the same day, we must defer to the trial court's factual determination in this matter, as there is a reasonable factual basis for it, if only barely.

However, the trial court did err in awarding State Farm more in damages, $2,478.47, than it actually paid to Mr. Lopez, $1,978.47, as the trial court's total award included the deductible incurred by Mr. Lopez himself. Because State Farm only paid $1,978.47, we reduce the judgment of the trial court by $500.00 to reflect the amount State Farm can fairly recover without receiving a windfall.

For the above reasons, we hereby amend the judgment of the trial court to reduce the amount of damages awarded State Farm from $2,478.47 to $1,978.47. As amended, the judgment is affirmed with costs of this appeal to be assessed against Mr. Smith.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY A/S/O JASON J. LOPEZ

VERSUS

DUSTIN P. SMITH

**GENOVESE, J., dissents and assigns the following reasons.**

State Farm Mutual Automobile Insurance Company (State Farm) bore the burden of proving its subrogation claim in this case by a preponderance of competent evidence. It attempted to prove its claim solely with its non-involved representative, Suzanne McManus, who admitted that she had no personal knowledge relating to the claim and that she was only called to testify as to what State Farm paid. State Farm introduced a generic "specimen" policy into evidence (over Defendant's objection) and did not bring any other witness to trial—no adjuster, no estimator, no accident-investigating officer, and no qualified business records custodian. Ms. McManus was allowed free reign to testify as to anything and everything notwithstanding the fact that she admitted she was not assigned to this case, not the adjuster in this case, not the custodian of the specific records in this case, and had no personal knowledge about this case.

The record is replete with inadmissible hearsay evidence and incomplete evidence. State Farm failed to prove its subrogation claim with competent evidence. I respectfully dissent from the majority and would reverse the trial court judgment in its entirety.