NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1310

MIDLAND FUNDING, LLC

VERSUS

JASON STACK

Judgment Rendered: OCT 2 1 2021

* * * * * *

On appeal from the
Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Docket Number 2016-034

Honorable Erin Lanoux, Judge Presiding

* * * * * *

Adam Deniger                          Counsel for Plaintiff/Appellee
Michael L. Lancaster                  Midland Funding, LLC
Gregory Eaton
Baton Rouge, LA


Garth Ridge                           Counsel for Defendant/Appellant
Baton Rouge, LA                       Jason Stack


* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Chutz, J. Concurs in the result,
by

Holdridge J. Concurs in the result. However, I agree with the
appellant that parts of the affidavit of Ms. Jones contains
inadmissible summary judgment evidence

**GUIDRY, J.**

Defendant/appellant, Jason Stack, appeals a trial court grant of summary judgment in favor of plaintiff/appellee, Midland Funding, LLC. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This suit arises from a balance owed on a consumer loan. To recover the balance, on January 21, 2016, Midland Funding filed suit against Jason Stack. Midland Funding alleged it was the owner of all rights, title and interest in Mr. Stack's account received from OneMain Financial, Inc. Mr. Stack, in response, filed an answer, generally denying the allegations in the petition.

Thereafter, Midland Funding filed a motion for summary judgment supported by affidavits and account records. Following a hearing on July 14, 2020, the trial court granted Midland Funding's motion and rendered judgment in its favor. The judgment was signed on July 29, 2020. Mr. Stack now appeals the judgment, arguing that the trial court erred in granting the summary judgment "when [Midland Funding] failed to provide any admissible evidence to the court that it owned the note" and "failed to provide the court with admissible evidence of the note sued upon."

## STANDARD OF REVIEW

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that

2

is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Juge v. Springfield Wellness, LLC, 18-0736, p. 5 (La. App. 1st Cir. 2/28/19), 274 So. 3d 1, 3-4, writ denied, 19-0513 (La. 5/28/19), 273 So. 3d 309.

## DISCUSSION

In contending that the trial court erred in granting summary judgment, Mr. Stack asserts that "the face of the note indicates title was in the name of OneMain Financial, Inc. and there was no admissible evidence to show [Midland Funding] owned the note." Mr. Stack also specifically asserts that a summary judgment affidavit submitted by Midland Funding was not based on personal knowledge, that the documents attached thereto were hearsay, and that Midland Funding failed to prove it owned the debt. We disagree.

La. C.C.P. art. 967(A) provides in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." We note that personal knowledge encompasses only those facts that the affiant saw, heard, or perceived with his own senses. See Berard v. L-3 Communications Vertex Aerospace, LLC, 09-1202, 21-22 (La. App. 1st Cir. 2/12/10), 35 So. 3d 334, 349, writ denied, 10-

3

0715 (La. 6/4/10), 38 So. 3d 302. Furthermore, an affirmative showing of competency cannot be established without a predicate showing of personal knowledge. Otherwise, personal knowledge may be based on hearsay or other incompetent evidence. Unifund CCR Partners v. Perkins, 12-1851, p. 7 (La. App. 1st Cir. 9/25/13), 134 So. 3d 626, 631-632.

With regard to business records, the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> **Records of regularly conducted business activity.** A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule.

La. C.E. art. 803(6). Louisiana jurisprudence has held that the wording of Article 803(6) does not preclude the introduction of incorporated business records originally generated by another business, if properly authenticated and determined to be trustworthy by the trial court. See Burdette v. Drushell, 01-2494, pp. 8-9 (La. App. 1st Cir. 12/20/02), 837 So. 2d 54, 62-63, writ denied, 03-0682 (La. 5/16/03), 843 So. 2d 1132 (wherein this court found that admission of third-party documents was proper when received and held by a party in its regular course of business under circumstances which demonstrate trustworthiness).

Additionally, a party who seeks to submit written hearsay evidence pursuant to La. C.E. art. 803(6) must authenticate it by a qualified witness. The witness laying the foundation for admissibility of the business records does not have to be the preparer of the records. Finch v. ATC/Vancom Management Services Limited

Partnership, 09-483, p. 8 (La. App. 5th Cir. 01/26/10), 33 So. 3d 215, 220. A qualified witness only needs to be familiar with the record-keeping system of the entity whose business records are sought to be introduced. Finch, 09-483 at p. 8, 33 So. 3d at 220. The custodian of the record or other qualified witness must explain the record-keeping procedures of the business and thus, lay the foundation for the admissibility of the records. State v. Juniors, 03-2425, p. 47 (La. 06/29/05), 915 So. 2d 291, 327, cert. denied, 547 U.S. 1115, 126 S. Ct. 1950, 164 L. Ed. 2d 669.

We have reviewed the record herein, including the affidavit and documents that the defendant, Mr. Stack, claims are inadmissible hearsay and do not fall under the business records exception to the hearsay rule. Notably, Trista Jones, by way of affidavit, states that she is employed as a legal specialist with Midland Credit Management, Inc., the servicer of "this account" on behalf of Midland Funding, has access to pertinent account records, and has reviewed the electronic records pertaining to the account. Ms. Jones notes that the electronic records reviewed consist of data acquired "from the seller," together with records generated by Midland Funding in connection with servicing the account. Ms. Jones states that she is familiar with and trained on the method by which Midland Funding creates and maintains it business records, and that it "was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record." Ms. Jones specifically states that Midland Funding is the current owner of and/or successor to the obligation sued upon; she references Mr. Stack's OneMain Financial account, provides that account number, and includes a balance owed. Ms. Jones asserts that she has personal knowledge and is competent to testify to the matters stated therein. She also asserts that the documents attached to her affidavit are true and correct copies.

5

Also by affidavit, Gary Goldberg, vice president of several of OneMain Financial's business entities, states that he is aware of the process of OneMain Financial's sale of accounts, the storage of its business records, and the June 19, 2015 sale agreement to Midland Funding, whereby OneMain Financial sold a pool of assets to Midland Funding. Mr. Goldberg states that as a part of the sale of accounts, certain electronic records were transferred on individual accounts to the debt buyer. Mr. Goldberg also states that he is "not aware of any errors in the information provided about the accounts."

Further, the evidence offered in connection with the summary judgment includes a signed and dated copy of a "disclosure statement, note and security agreement" identifying Mr. Stack as the borrower on the OneMain Financial account and OneMain Financial as the lender. The note and security agreement provides an account number, date of the loan, amount financed, and credit terms of the loan. Multiple documents in the record identify Mr. Stack as the debtor, establish OneMain Financial as the original creditor, indicate that Midland Funding is the current owner of the debt, and show that a balance is owed. Documents, including a bill of sale and assignment and "data sheet," also indicate that Mr. Stack's "records" transferred from OneMain Financial to Midland Funding.[1]

Here, based on the applicable law, we conclude that Ms. Jones' affidavit meets the personal knowledge requirements of La. C.C.P. art. 967(A). The affidavit contains facts and information setting forth the basis of Ms. Jones' personal knowledge and competency to testify to the matters stated. The affidavit identifies Ms. Jones' position of employment with Midland Funding and shows

---

[1] The Bill of Sale and Assignment states that the "Seller does hereby transfer, sell, assign ... to Buyer ... the Accounts described in Exhibit 1 and the final electronic file." We note however, that Exhibit 1, the asset schedule, is redacted. In addition, a data sheet from Midland Funding contains "electronic records provided by OneMain Financial, Inc. pursuant to the Bill of Sale/Assignment of Accounts transferred on or about 6/19/2015" and includes the debtor's, Mr. Stack's, identifying information, social security number, OneMain Financial account number, a cross reference account number, account open date, charge off amount, last payment amount, last payment date, and sale amount.

that she has personal knowledge regarding the business' procedure for creating and maintaining business records. The affidavit discloses the documentation and records that were seen and reviewed by Ms. Jones with respect to Mr. Stack's account. The affidavit also indicates that the documents in question are attached to it.

In addition, as it concerns the business records hearsay exception, the affidavit of Ms. Jones establishes her as a qualified witness[2] and confirms, as Ms. Jones attested, that the subject business records were made in the regular course of business and that it was the regular course of such business to make the business records. See generally Cach, LLC v. Cheatwood, 20-588 (La. App. 3d Cir. 5/5/2021), 2021WL1783534, *5. Because neither Ms. Jones' affidavit nor the documents attached to it provide any indication of lack of trustworthiness, we find that the documents as a whole sufficiently authenticate that Mr. Stack's account records were received from OneMain Financial and transferred to Midland Funding.[3] The affidavit and documents likewise show through the receiving, processing, and maintenance of those records within the business, and in conjunction with corresponding records and statements generated by Midland Funding, that the third-party documents from OneMain Financial were incorporated into Midland Funding's business records. See Bishop v. Shaw, 43-173, p. 8 (La. App. 2d Cir. 3/12/08), 978 So. 2d 568, 574; see generally Burdette, 01-2494 at pp. 10-11, 837 So. 2d at 63.

---

[2] Ms. Jones testified that she is familiar with Midland Funding's record-keeping.

[3] We find no merit in Mr. Stack's argument that his account was not assigned to Midland Funding.

Mr. Stack finally argues that Midland Funding failed to produce proof of the contract sued upon. However, we find no merit in this argument.[4] While the original note and security agreement is not in the record, as we have expressed herein, the evidence includes (1) an "affidavit of sale of account by original creditor," (2) a copy of the note and security agreement signed by Mr. Stack, and (3) an affidavit from Ms. Jones stating that the documents attached to her affidavit, which include the note and security agreement, are true and correct copies.[5]

Louisiana Revised Statutes 13:3733 provides in pertinent part:

*Any such electronically imaged*, photographic, photostatic or miniature photographic *copy or reproduction shall be deemed to be an original record for all purposes and shall be treated as an original record in all courts or administrative agencies for the purpose of its admissibility in evidence.* An enlargement or facsimile of such reproduction is likewise admissible in evidence if the original reproduction is in existence and available for inspection under the direction of the court.

La. R.S. 13:3733(B). (Emphasis added.) Section 3733(D) additionally provides that a copy or reproduction shall be deemed an original or authentic copy of the original record or document when certified with a certificate reading "substantially" as follows: "I, ___ do hereby certify that this document is a true and correct copy of the original thereof, consisting of ___ page(s), being a reproduction thereof from the records on file with the undersigned, in accordance with Louisiana Revised Statutes, Title 13, Section 3733." While Ms. Jones' affidavit does not contain the exact language provided for by Section 3733(D), we nonetheless find that the affidavit substantially certifies that the documents are true and original copies as required by the statute. Consequently, we find that Midland Funding laid a proper foundation for the business records to be admitted as an exception to the

---

[4] Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. Salvador v. Main Street Family Pharmacy, LLC, 17-1757, p. 6 (La. App. 1st Cir. 6/4/18), 251 So. 3d 1107, 1112.

[5] Ms. Jones' affidavit also asserts that the records attached thereto are a "reproduction from the records on file."

hearsay rule. We find no error in the trial court's reliance on Ms. Jones' affidavit and the business records attached thereto.

After a *de novo* review of the evidence submitted for the purpose of the motion for summary judgment, we conclude that Midland Funding, as the moving party, presented sufficient evidence to meet its initial burden and establish its *prima facie* case as owner of the account and for the amount sought. The burden then shifted to Mr. Stack to come forward with evidence establishing a genuine issue of material fact as to any inaccuracy, and we conclude he failed to do so. See La. C.C.P. art. 966(D).

The documents supporting the summary judgment, in their entirety, establish Midland Funding's sole ownership of the defendant's account and the balance owed. We therefore find no merit in the contention that the trial court erred in granting Midland Funding's motion for summary judgment.

## CONCLUSION

For the above and foregoing reasons, we affirm the July 29, 2020 judgment of the trial court, which granted summary judgment in favor of Midland Funding, LLC. All costs of this appeal are assessed to the defendant/appellant, Jason Stack.

**AFFIRMED.**