CHEHARDY, C.J.
*1043 In this personal injury case arising from an automobile collision, defendant, Imperial Fire and Casualty Insurance Company, appeals the district court's June 14, 2017 judgment in favor of plaintiffs, Claudia Larios and Marlon Funez. After review, we find Imperial is entitled to partial relief, and accordingly amend in part the district court's judgment, and affirm as amended.
FACTUAL AND PROCEDURAL HISTORY
On the evening of August 4, 2014, Claudia Larios was idling in her vehicle, waiting for a parking spot to open up in the lot of her apartment complex on Division Street in Metairie, Louisiana. Marlon Funez was in the passenger seat. Lindsay Vehorn, another resident in the complex, was stopped behind plaintiffs in her sport utility vehicle, a Honda Element. A white Dodge pickup truck rounded a corner from behind Ms. Vehorn's SUV and attempted to get in front of her, evidently not seeing plaintiffs in their sedan, a Hyundai Azera. The right front of the truck struck the rear left of Ms. Larios' vehicle. The passenger of the truck exited and tried to speak with plaintiffs, but was noticeably intoxicated. Ms. Larios was able to get a look at the driver of the truck before he abruptly drove away moments later. Ms. Larios called the police.
Though plaintiffs described the truck as white, Ms. Vehorn stated in her deposition that it was black or dark in color. Ms. Vehorn also stated that she was familiar with the truck from around the apartment complex and knew the driver lived there. She described the truck as a nuisance, explaining that the driver seemed to frequently come home drunk, taking up two or three parking spots with the truck bed full of empty beer cans.
The day after the collision, Ms. Larios encountered the passenger from the truck, to whom she gave her contact information with the request that it be passed along to the driver. Ms. Larios testified that thereafter, an individual who identified himself as Julio Martinez and whom she recognized as the driver of the truck provided her with documentation of his insurance. According to Ms. Larios, this individual also told her that he never meant to damage her car, that he left the scene because he was intoxicated, that he knew she had called the police, and that he already had a DWI.
As a result of the collision, Ms. Larios sought medical treatment for her neck and lower back; Mr. Funez sought treatment for his neck, lower back, and right knee. On July 7, 2015, plaintiffs filed a petition for damages, naming as defendants Julio Gomez Martinez and his insurer, Imperial Fire and Casualty Insurance Company. Plaintiffs were unable to locate and serve Mr. Martinez. Consequently, on April 20, 2017, the parties entered into a joint stipulation, whereby plaintiffs voluntarily dismissed all claims against Mr. Martinez and *1044 reserved all claims against Imperial pursuant to Louisiana's Direct Action Statute, La. R.S. 22:1269.
The matter proceeded to a bench trial on May 17, 2017 and the court issued its judgment on June 14, 2017. The court ruled in favor of plaintiffs and against Imperial. Ms. Larios was awarded $6,218 in past medical expenses and $15,100 in past pain and suffering, for a total of $21,318. Mr. Funez was awarded $5,267 in past medical expenses and $16,000 in past pain and suffering, for a total of $21,267. In its judgment, the court specifically ordered Imperial to pay plaintiffs these amounts. Imperial's timely suspensive appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Imperial assigns four errors:
(1) The trial court erred in allowing Claudia Lorios to testify as to what she was told and/or the information she was allegedly provided on a sheet of paper (which she could not produce), over the hearsay objections of the appellant.
(2) The trial court erred in allowing the plaintiffs to introduce an A & B Inspection Report which had never been produced through discovery or
identified by the plaintiffs on the pretrial order where said document contained inadmissible hearsay evidence.
(3) The court erred in finding the plaintiffs proved through admissible evidence the identity of the tortfeasor, that he was an insured of Imperial, and that he was operating an insured vehicle.
(4) The court erred in awarding an amount in excess of the contractual policy limits provided by appellant.
DISCUSSION
Imperial's primary argument here on appeal, as it was at trial, is that plaintiffs failed to prove the tortfeasor's identity with admissible evidence, namely, that Imperial's insured, Julio Gomez Martinez, was the driver of the truck that rear-ended plaintiffs on August 4, 2014.
Assignment of Error One
In Imperial's first assignment of error, it argues that the district court erred in permitting the introduction of inadmissible hearsay evidence regarding the information Ms. Larios allegedly obtained from an individual in the days following the collision.
At trial, Ms. Larios testified that immediately after the collision, she observed both the driver and the passenger of the truck. She recognized the passenger the next day and asked him to forward her contact information to the driver. Thereafter, she explained that an individual who identified himself as Julio Martinez and whom she recognized as the driver of the truck provided her with documentation of his insurance and told her that he never meant to damage her vehicle and that he left the scene because he was intoxicated. At trial, defense counsel objected on hearsay grounds, arguing these alleged statements by this individual and the insurance documentation, which plaintiffs did not produce through discovery nor introduce at trial, constituted inadmissible hearsay. The district court overruled these objections and admitted Ms. Larios' testimony.
The trial court is given vast discretion in its evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal in the absence of an abuse of that discretion. Kenner Plumbing Supply, Inc. v. Rusich Detailing, Inc. , 14-922 (La. App. 5 Cir. 9/23/15), 175 So.3d 479, 503, writ denied , 15-2112 (La. 2/5/16), 186 So.3d 1165.
*1045 "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." La. C.E. art. 801(C). A "statement" is defined in pertinent part as "[a]n oral or written assertion." La. C.E. art. 801(A)(1).
We first consider the district court's ruling that the insurance information Ms. Larios obtained the day after the collision was admissible pursuant to La. C.E. art. 801(D)(3)(a), which provides: "A statement is not hearsay if...[t]he statement is offered against a party, and the statement is...[a] statement by an agent or employee of the party against whom it is offered, concerning a matter within the scope of his agency or employment, made during the existence of the relationship[.]" The court reasoned that Mr. Martinez, as the insured, was an agent of the insurer for purposes of La. C.E. art. 801(D)(3)(a).
We disagree. "An agent is one who acts for or in place of another by authority from the latter." Ross v. Ross , 02-2984 (La. 10/21/03), 857 So.2d 384, 397 n.9. There is no evidence in the record that Mr. Martinez, as the insured, was authorized by Imperial to act on its behalf. He was a customer of Imperial, not its agent, and thus La. C.E. art. 801(D)(3)(a) is inapplicable.
Nonetheless, we find that Ms. Larios' testimony describing her interaction with the alleged driver the day after the collision was admissible under another hearsay exception. The individual's providing Ms. Larios with his insurance information,[1] his statement identifying himself as Julio Martinez, his statement that he never meant to damage Ms. Larios' vehicle, and his statement that he left the scene because he was intoxicated are admissible as statements against interest under La. C.E. art. 804(B)(3).
This exception to the hearsay rule "allows the admission of a statement by an unavailable witness which was made under such circumstances that it probably was true." 19 Frank L. Maraist, Louisiana Civil Law Treatise , Evidence and Proof, § 10:8, at 252-53 (2nd ed. 2007). "[A] declarant is 'unavailable as a witness' when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court." La. C.E. art. 804(A). "This includes situations in which the declarant...[i]s absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means." La. C.E. art. 804(A)(5). We find Mr. Martinez qualifies as "unavailable" under these provisions.
A statement is against the declarant's interest if, at the time the statement was made, it was "so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true." La. C.E. art. 804(B)(3). The Louisiana evidence treatise employs the following as an example of a statement against interest: "[I]f the driver of an automobile makes an inculpatory statement at the accident scene,...[and] if the driver is unavailable at trial, the driver's statement can be admitted against [a party] as a declaration against interest by the driver." Maraist, supra at 253.
*1046 Here, although the statements were not made at the scene of the collision, we find that the individual's providing his insurance information to Ms. Larios, his statement identifying himself as Julio Martinez, his statement that he did not intend to damage Ms. Larios' vehicle, and his statement that he left the scene because he was intoxicated, at the time of their making, were "so far contrary" to his interest and "tended to subject him to civil or criminal liability," that they were probably true. Accordingly, we find these statements against interest are not excluded by the hearsay rule.
Assignment of Error Two
In Imperial's second assignment of error, it argues that the district court erred in permitting the introduction of inadmissible hearsay evidence in the form of a report prepared by A & B Inspection Service, Inc. that identified the truck's owner and insurance coverage.
Plaintiffs' counsel argued at trial, and in brief to this Court, that this report qualifies under the hearsay exception as a record of regularly conducted business activity pursuant to La. C.E. art. 803(6). The district court, however, admitted this report into evidence without specifying if it was hearsay, and if so, what exception it was being admitted under.
We find that this report, as an out-of-court statement offered to prove the truth of the matter asserted, is hearsay. We also find that it is not admissible under La. C.E. art. 803(6) or any other hearsay exception.
Under La. C.E. art. 803(6), "records of regularly conducted business activity" are admissible hearsay if the proponent can establish the record was (1) made at or near the time by, or from information transmitted by, (2) a person with knowledge, (3) made and kept in the course of a regularly conducted business activity, and (4) that it was the regular practice of that business activity to make and to keep the information. Finch v. ATC/Vancom Mgmt. Servs. Ltd. P'ship , 09-483 (La. App. 5 Cir. 1/26/10), 33 So.3d 215, 220.
Additionally, the party who seeks to introduce written hearsay evidence pursuant to La. C.E. art. 803(6) must authenticate it by a qualified witness. Finch , supra . The witness laying the foundation for admissibility of business records need not have been the preparer of the records; rather, La. C.E. art. 803(6) permits the custodian of the record "or other qualified witness" to establish the essential foundational predicate. Id. A qualified witness only need have familiarity with the record-keeping system of the entity whose business records are sought to be introduced. Id. If the foundation witness cannot vouch that the requirements of the Code of Evidence have been met, the evidence must be excluded. Id.
In the instant case, the report sought to be introduced was prepared by A & B Inspection Service, Inc. at the behest of plaintiffs' counsel. At trial, over defense counsel's repeated objections, plaintiffs' counsel presented this report to Ms. Larios on the stand and questioned her about it before the court permitted its introduction. We find Ms. Larios is not a "qualified witness" to authenticate this report. There is no evidence in the record that she has any knowledge of the business activities or record-keeping practices of A & B Inspection Service, Inc. Without authentication of this report as a business record in accordance with La. C.E. art. 803(6), the district court abused its discretion by admitting this inadmissible hearsay.
*1047 Assignment of Error Three
In Imperial's third assignment of error, it reprises its general argument that plaintiffs failed to prove the tortfeasor's identity with admissible evidence. Though we find the district court erred in admitting the A & B report, we nonetheless determine that the record still supports the court's factual finding that Imperial's insured, Julio Gomez Martinez, was the driver of the truck that struck Ms. Larios and Mr. Funez on August 4, 2014.
We review this factual finding under the manifest error-clearly wrong standard of review. Under this standard, an appellate court will not set aside a finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Vince v. Koontz , 16-521 (La. App. 5 Cir. 2/8/17), 213 So.3d 448, 458, writ denied , 17-429 (La. 4/24/17), 221 So.3d 67. Thus, in order to reverse a trial court's factual findings, the appellate court must: (1) find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) determine that the record establishes the finding is clearly wrong or manifestly erroneous. Id.
The record here includes not only Ms. Larios' testimony regarding Mr. Martinez's inculpatory statements, but also her testimony that a white Dodge pickup truck rear-ended her. And this testimony is corroborated by Imperial's Endorsement Declaration, which reflects that Imperial insured Julio Gomez Martinez's Dodge Ram pickup truck and that this policy was in effect on August 4, 2014. Upon review of the evidence and testimony presented at trial, we conclude that the record contains a reasonable factual basis for the court's finding that Imperial's insured, Julio Gomez Martinez, was the driver of the Dodge truck that rear-ended Ms. Larios and Mr. Funez on August 4, 2014, and does not establish that this finding was clearly wrong.
Assignment of Error Four
In Imperial's fourth assignment of error, it argues that the district court erred in awarding plaintiffs damages in excess of its policy limits. Mr. Martinez's policy with Imperial provided bodily injury liability limits of $15,000 per person and $30,000 per accident. The district court rendered judgment against Imperial in favor of Ms. Larios and Mr. Funez in the respective amounts of $21,318 and $21,267, for a total judgment against Imperial in the amount of $42,585.
Louisiana jurisprudence recognizes that a liability insurer may be liable for a judgment against its insured in excess of the policy limits, when the insurer failed to deal in good faith with a claim against its insured. See Kelly v. State Farm Fire & Cas. Co. , 14-1921 (La. 5/5/15), 169 So.3d 328, 337 ; Smith v. Audubon Ins. Co. , 95-2057 (La. 9/5/96), 679 So.2d 372, 376 ("In the absence of bad faith, a liability insurer generally is free to settle or to litigate at its own discretion, without liability to its insured for a judgment in excess of the policy limits.")
This jurisprudence is not applicable here. There is no evidence in the record that Imperial failed to deal in good faith with plaintiffs' claims against Mr. Martinez, and a judgment was not rendered against the insured but against the insurer under the Direct Action Statute. The Direct Action Statute provides that an "injured person...shall have a right of direct action against the insurer within the terms and limits of the policy [.]" La. R.S. 22:1269(B)(1) (Emphasis added).
It is well settled that, absent conflict with statutes or public policy, insurers have the same rights as do individuals to limit their liability and to enforce whatever *1048 conditions they impose upon their obligations. See Cadwallader v. Allstate Ins. Co. , 02-1637 (La. 6/27/03), 848 So.2d 577, 583. Thus, it is the insurance policy that establishes the limits of liability and is the law between the parties. See id.
Here, the district court erred by awarding damages against Imperial in excess of the established policy limits. We therefore amend the district court's judgment to limit plaintiffs' recovery against Imperial to the policy limits of $15,000 per person/$30,000 per accident. Accordingly, the judgment in favor of Claudia Larios against Imperial is reduced from $21,318 to $15,000; and the judgment in favor of Marlon Funez against Imperial is reduced from $21,267 to $15,000.
DECREE
For the foregoing reasons, we amend in part the district court's June 14, 2017 judgment to reduce the award in favor of Claudia Larios against Imperial from $21,318 to $15,000, and to reduce the award in favor of Marlon Funez against Imperial from $21,267 to $15,000. We affirm this judgment as amended.
AMENDED IN PART; AFFIRMED AS AMENDED

For hearsay purposes, in addition to an "oral or written assertion[,]" a "statement" can also be "[n]onverbal conduct of a person, if it is intended by him as an assertion." See La. C.E. art. 801(A).