CHARLES PICERNI

VERSUS

SUMMIT HOTEL PROPERTIES LLC, D/B/A
MARRIOTT RESIDENCE INN, AND ABC
INSURANCE COMPANY

NO. 23-CA-449

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 781-296, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

May 15, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**AFFIRMED**
 **MEJ**
 **SMC**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CHARLES PICERNI
    Vanessa Motta

COUNSEL FOR DEFENDANT/APPELLEE,
RESIDENCE INN BY MARRIOTT, LLC
    Christopher P. Lawler
    Roger A. Javier

**JOHNSON, J.**

Plaintiff/Appellant, Charles Picerni, appeals the trial court's March 21, 2023 summary judgment in favor of Defendant/Appellee, Residence Inn by Marriott, LLC (hereinafter referred to as "Marriott"), that dismissed his action filed in the 24th Judicial District Court, Division "B", for alleged damages sustained during a fall on Marriott's property. For the following reasons, we affirm the trial court's summary judgment.

## FACTS AND PROCEDURAL HISTORY

The relevant facts pertaining to this appeal are as follows:

On March 5, 2018, Mr. Picerni filed a petition for damages against Marriott and its insurer. In his petition, Mr. Picerni asserted that on March 9, 2017, he visited a friend at the Marriott location at Three Galleria Boulevard in Metairie, Louisiana. Mr. Picerni claimed that, while he was waiting for his friend to arrive, he went to sit on a chair[1] located in the patio area, and the bottom cushion of the chair slid out as he sat down, causing him to fall forward. He alleged that Marriott was liable to him under La. C.C. arts. 2315, 2317.1 and 2322, and, consequently, he sought damages for the alleged injuries he sustained during that fall. In opposition, Marriott filed an answer, denying Mr. Picerni's allegations.

Mr. Picerni filed a motion for partial summary on February 23, 2022, wherein he sought summary judgment in his favor on the issue of medical causation. He contended the uncontroverted evidence showed that the injuries he sustained and the corresponding treatments he underwent were related to the March 9th accident. Marriott opposed the motion and argued that Mr. Picerni's

---

[1] In Mr. Picerni's deposition, he described the piece of furniture as a "couch kind of sectional." However, both parties refer to the piece of furniture as a "chair" in their briefs. For continuity, the opinion will refer to the piece of furniture as a "chair."

exhibits[2] were inadmissible and deficient. It further argued that Mr. Picerni's motion was premature because discovery was incomplete at the time the motion was filed.

On February 25, 2022, Marriott filed its own motion for summary judgment, asserting Mr. Picerni could not state any set of facts to show the chair had a defect that presented an unreasonable risk of harm or that it knew or should have known of the alleged unreasonable risk of harm. It argued that an inspection of the chair after the accident revealed the chair was not structurally defective, broken, or damaged before, during, or after the alleged accident; and there was no visible defect or damage to the chair. Marriott sought dismissal of Mr. Picerni's action with prejudice. In response, Mr. Picerni argued that Marriott's former employee, Jody Burton, admitted in a video recorded the day of the accident that the chair-at-issue collapsed frequently, thereby giving Marriott sufficient notice, knowledge, and liability of the defective chair. He also disputed the admissibility of Marriott's exhibits.[3] In a reply memorandum, Marriott objected to the admission of the video of Mr. Burton, arguing that Mr. Picerni failed to show Mr. Burton was unavailable; no affidavit or deposition to authenticate the video had been presented; and, Mr. Burton's statements in the video were mischaracterized.

Mr. Picerni's and Marriott's summary judgment motions were heard before the trial court on March 8, 2023. At the conclusion of the hearings, the trial court

---

[2] Mr. Picerni attached the affidavits of Dr. Eric Lonseth, an expert in the field of pain management, and Dr. Michelle LeBlanc, an expert in the field of chiropractic care, to his motion for partial summary judgment. Marriott contested the affidavits on the basis that they were not executed in the presence of a notary.

[3] Among the exhibits attached to Marriott's motion for summary judgment were Mr. Picerni's deposition; Mr. Picerni's responses to interrogatories and requests for production; an affidavit of Erik Johnson, an expert in the field of engineering; an affidavit of Martha Bullock, the Manager of the Residence Inn where the alleged incident occurred; and, an affidavit of Chris A. Van Ee, an expert in the field of biomechanical engineering. Mr. Johnson's affidavit attested that the subject chair was not structurally defective, broken, and/or damaged before, during, or after the alleged accident. Ms. Bullock's affidavit attested that the subject chair had never been defective, damaged, or broken, and no other incidents concerning the chair had been reported. Mr. Picerni contested that the affidavits of Ms. Bullock and Mr. Johnson and argued they were inadmissible because the statements were unreliable and were not based upon personal knowledge. Mr. Picerni further argued that Ms. Bullock was not identified as a witness during discovery.

allowed the admission of the affidavits of Martha Bullock and Erik Johnson, which were attached to Marriott's motion for summary judgment. It orally found that Ms. Bullock's affidavit was not vague and her reliability was not placed into question by any evidence introduced. As for Mr. Johnson's affidavit, the court found that experts are allowed to formulate opinions through facts or data, and those facts do not need to be admissible. The trial court excluded Mr. Picerni's cell phone video recording of Jody Burton from evidence for summary judgment purposes. The court reasoned that the video was not properly authenticated by an affidavit or deposition testimony. It also excluded Mr. Picerni's supplemental memorandum in opposition to Marriott's motion for summary judgment on the basis that the memorandum was untimely filed.[4]

After considering the exhibits deemed as admissible evidence,[5] the trial court orally found that Mr. Picerni did not produce factual support sufficient to establish the existence of a genuine issue of material fact, and there was no evidence indicating that Mr. Picerni could meet his burden of proving the chair was defective or that Marriott knew or should have known of any alleged defect. The court orally reasoned that Mr. Burton's written statement and Mr. Picerni's testimony regarding the chair simply did not create an issue over which reasonable persons could disagree. The court granted Marriott's motion for summary judgment and subsequently denied Mr. Picerni's motion for partial summary judgment as moot. Those rulings were subsequently rendered in a written judgment issued on March 21, 2023. The written judgment dismissed Mr. Picerni's petition for damages with prejudice.

Mr. Picerni filed a motion for rehearing and/or new trial on March 27, 2023.

---

[4] Mr. Picerni's supplemental memorandum had Ms. Bullock's deposition attached to it.

[5] According to the recitation of evidence orally mentioned by the trial court, Ms. Bullock's affidavit, Mr. Johnson's affidavit, Mr. Picerni's deposition, and Marriott's discovery responses containing a written statement from Mr. Burton were considered. Mr. Burton wrote that he spoke with Mr. Picerni and explained that, in order for the seat to fall, the section of the cushion had to be misplaced or moved.

He asserted that his action was erroneously dismissed in its entirety because the trial court's judgment was directed solely to his claims under La. C.C. arts. 2317 and 2317.1. He also asserted that the trial court improperly excluded Mr. Burton's videotaped admission that Marriott knew of the chair's defects, in addition to Marriott's negligent inspection of the chairs. The hearing on Mr. Picerni's motion was held on June 20, 2023. The trial court denied Mr. Picerni's motion for rehearing and/or new trial in a written judgment rendered on July 7, 2023. The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Picerni alleges the trial court legally erred by granting Marriott's motion for summary judgment because it: 1) failed to consider the admission of Marriott's employee, Jody Burton, that Marriott had actual knowledge of the chair's prior problems; 2) failed to find that Jody Burton's statement was an exception to the hearsay rule; 3) and erroneously considered the affidavits of Martha Bullock and Erik Johnson.

## LAW AND ANALYSIS

<u>Jody Burton's Statement</u>[6]

Mr. Picerni alleges the trial court legally erred by excluding his videotaped recording of Jody Burton's statement as evidence for summary judgment purposes. He argues that Mr. Burton, an employee of Marriott, admitted in the video that Marriott was aware of the chair's defects, which caused his fall and injuries. He contends that Mr. Burton's statement is not hearsay, pursuant to La. C.E. art. 801 (D)(2) and (D)(3)(d), because it is an admission of a breach of a duty made by a representative of Marriott. He further contends that Mr. Burton's statement expressing there were problems with the chair squarely contradicts Ms. Bullock's

---

[6] Mr. Picerni's assignments of error concerning Mr. Burton's statement are interrelated and will be discussed together.

assertion that the chair was never defective, broken, or damaged.  Mr. Picerni avers that Mr. Burton's statement presented a genuine issue of material fact that Marriott knew or should have known about the defect or vice in the chair, precluding summary judgment.

In response, Marriott avers the trial court properly excluded the videotaped recording of Mr. Burton's statement because Mr. Picerni never authenticated the video with an affidavit or deposition of someone who had personal knowledge of the alleged incident.  It further avers the video does not fall within the enumerated category of admissible evidence under La. C.C.P. art. 966(A)(4).

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored.  La. C.C.P. art. 966(A)(2).  Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.  *Jefferson Par. Sch. Bd. v. TimBrian, LLC*, 21-67 (La. App. 5 Cir. 10/20/21), 362 So.3d 691, 693, *writ denied*, 21-1725 (La. 1/12/22), 330 So.3d 629, citing *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257.  Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.* at 694, quoting La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit.  *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, *writ denied*, 17-1106 (La. 10/16/17), 228 So.3d 753, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605.  An issue is genuine if it is such that reasonable persons could disagree.  If only one conclusion could be reached by reasonable persons, summary

judgment is appropriate as there is no need for trial on that issue. *Id*. Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id*. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id*. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id*. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id*., citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 40. The decision as to the propriety to grant a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Vincent v. Nat'l Gen. Ins. Co.*, 21-227 (La. App. 5 Cir. 10/13/21), 330 So.3d 378, 381.

In the lower court, Marriott asserted that Mr. Picerni could not set forth any facts to show the chair had a defect that presented an unreasonable risk of harm, or that Marriott knew or should have known of the alleged unreasonable risk of harm.[7] In order to determine whether summary judgment was properly granted in

---

[7] In a premises liability claim, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the defendant knew or should have known of the defect. *Mental v. Margavio*, 21-739 (La. App. 5 Cir. 11/16/22), 353 So.3d 312, 317.

this matter, we must first determine whether any admissible evidence created a genuine issue of material fact. The trial court excluded Mr. Picerni's video from evidence on the basis that there was no accompanying deposition or affidavit to authenticate the video.

According to La. C.C.P. art. 966(A)(4), "[t]he only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions." The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made.[8] *Id.* Documents not included in the exclusive list provided in La. C.C.P. art. 966(A)(4) are not permitted, unless they are properly authenticated by an affidavit or the deposition to which they are attached. *Dye v. LLOG Exploration Company, LLC*, 20-441 (La. App. 5 Cir. 11/3/21), 330 So.3d 1222, 1225. The trial court is given vast discretion in its evidentiary rulings, and its decision to admit or exclude evidence will not be reversed on appeal in the absence of an abuse of that discretion. *Larios v. Martinez*, 17-514 (La. App. 5 Cir. 2/21/18), 239 So.3d 1041, 1045.

In this matter, Marriott objected to the admission of Mr. Burton's videotaped statement, which was attached to Mr. Picerni's opposition memorandum. As noted

---

[8] This was the version of the Article in effect at the time the motions for summary judgment hearing were heard. The Article was amended by Act 2023, No. 317 § 1, effective August 1, 2023, and now states:

> The court shall consider only those documents filed or referenced in support of or in opposition to the motion for summary judgment but shall not consider any document that is excluded pursuant to a timely filed objection. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing whether the court sustains or overrules the objections raised.

by Marriott, there was no affidavit or deposition testimony presented by Mr. Picerni that properly authenticated the video. Consequently, because the video is not included in La. C.C.P. art. 966(A)(4)'s exclusive list of admissible evidence and was not authenticated, we find that the trial court properly excluded Mr. Burton's videotaped statement.

Separate from the admission of the videotape, Mr. Picerni argues that his deposition testimony describing his conversation with Mr. Burton is admissible; thus, his recounted statement of Mr. Burton that Marriott "had issues with it before" is also admissible. Mr. Picerni avers that Mr. Burton's statement is not hearsay, pursuant to La. C.E. art. 801 (D)(2) and (D)(3)(d), because it is an admission of a breach of a duty made by a representative of Marriott.

Marriott avers that any alleged statement made by Mr. Burton is inadmissible because it does not constitute an admission against interest, and it is mischaracterized by Mr. Picerni.[9]

"Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." *Larios*, 239 So.3d at 1045, citing La. C.E. 801(C). A "statement" is defined, in pertinent part, as "[a]n oral or written assertion." *Id*., citing La. C.E. art. 801(A)(1). La. C.E. art. 801(D)(2) states that a statement is not hearsay if the statement is offered against a party and is: (a) his own statement, in either his individual or a representative capacity; (b) a statement of which he has manifested his adoption or belief in its truth; or (c) a statement by a person authorized by him to make a statement concerning the subject. La. C.E. art. 801(D)(3)(d) provides that a statement is not hearsay if the statement is offered

---

[9] Marriott also avers Mr. Picerni made no showing that Mr. Burton is unavailable. The trial court did not address Mr. Burton's availability in its oral reasons and did not exclude Mr. Burton's alleged statement on that basis. Therefore, we will not address whether Mr. Picerni made a showing that Mr. Burton is unavailable.

against a party in a civil case when

> a statement is made by a declarant when a right, title, or interest in any property or claim asserted by the party against whom it is offered requires a determination that a right, title, or interest exists or existed in the declarant during the time that the party now claims the declarant was the holder of the right, title, or interest, and when the statement would be admissible if offered against the declarant as a party in an action involving that right, title, or interest[.]

In his deposition, Mr. Picerni testified to the following discussion with Mr. Burton,

> or -- he was talking about, you know, either -- I don't know if it's -- I can't say that it happened before, but he knew that it was something -- he said that it was something to the effect of that it should have been checked or, you know, they've had issues with it before, from his words.

When responding to whether he noticed any visual signs that the chair was not in the correct position, Mr. Picerni later stated,

> No, I didn't. I didn't. That's why I think the employee had said that they should -- he said these things -- and I can't remember were being -- when he said in the video where he said these things should be checked more often because evidently it happened or it had a propensity to happen.

Mr. Picerni argues that the above-cited excerpts are the statements of admission that show Marriott knew or should have known of the alleged unreasonable risk of harm regarding the use of the chair; ultimately, creating a genuine issue of material fact. We disagree. While Mr. Burton was an employee of Marriott at that time, Mr. Picerni's narrative of Mr. Burton's alleged statement does not provide a clear admission that Marriott knew of a defect in the chair. Accordingly, we find that the trial court properly excluded Mr. Burton's alleged statement to Mr. Picerni for summary judgment purposes.

Marriott's Affidavits

Mr. Picerni alleges the trial court erroneously considered the affidavits of Martha Bullock and Erik Johnson. He argues that neither affidavit contained personal knowledge of the chair-at-issue. Specifically, he contends that Ms.

Bullock's affidavit contained no personal knowledge that the employees routinely checked the chairs at the hotel for defects and damage, and the affidavit was devoid of any personal knowledge of which chair caused his fall. He also contends that Ms. Bullock was never identified as a witness prior to the submission of her affidavit. In reference to Mr. Johnson's affidavit, Mr. Picerni argues the affidavit lacked personal knowledge because it relied upon information provided by Ms. Bullock, particularly stating that no repairs or changes had been made to the subject chair before or after the accident. He maintains that there is no possible way Mr. Johnson could testify with any degree of certainty that the chair inspected was the chair that caused his fall.

Marriott avers that Mr. Picerni's objections to the affidavits of Ms. Bullock and Mr. Johnson are meritless. It maintains Ms. Bullock attested that the subject chair had been preserved, and a plain reading of Ms. Bullock's affidavit reflects that the chair to which she was referring was the subject chair. It further maintains that Mr. Johnson specifically attested that he observed, inspected, and performed tests on the chair that is the subject of this lawsuit. Marriott contends that Mr. Picerni's assertions—the chair was not routinely inspected or was not preserved— have no basis in light of the admissible evidence in this matter. Additionally, Marriott argues that Ms. Bullock was disclosed as a potential witness prior to the close of discovery, and Mr. Picerni could have deposed her before the discovery deadline but chose not to do so.

La. C.C.P. art. 1428(1) imposes a continuing affirmative duty on a party to timely supplement discovery responses related to witnesses and experts. *Guidry v. Savoie*, 15-809 (La. App. 5 Cir. 5/26/16), 194 So.3d 1184, 1193, *writ denied*, 16-1218 (La. 10/17/16), 207 So.3d 1064, citing *Chapman v. Reg'l Transit Auth./TSMEL*, 95-2620 (La. App. 4 Cir. 10/02/96), 681 So.2d 1301, 1305. When a party discovers a new witness with knowledge of discoverable matters, he is

required to make this information known to the adverse party. *Id.* This rule is based on the fact that all parties to the litigation need to know both the identity of the witnesses and the extent of their knowledge. *Id.* A party's failure to uphold this duty to timely supplement discovery responses *may* result in sanctions, such as excluding the testimony from a witness not properly disclosed to the adverse party. *Id.* In deciding whether to impose such a sanction, the trial court, as in all matters of pre-trial discovery, is afforded vast discretion, and its rulings will not be overturned, absent a clear abuse of that discretion. *Id.*

In this matter, Marriott attached Ms. Bullock's affidavit to its motion for summary judgment, which was filed on February 25, 2022. The discovery deadline was set for March 3, 2022. Marriott did not identify Ms. Bullock as a witness in their answers to interrogatories. After hearing Mr. Picerni's arguments as to why Ms. Bullock's affidavit should not be allowed to testify, the trial court chose not to sanction Marriott and exclude the affidavit. The court inherently found Marriott's notice of Ms. Bullock as a witness to be timely and/or that Marriott should not have been subject to sanctions. After reviewing the record, we cannot find that the trial court clearly abused its discretion on that evidentiary ruling.

Ms. Bullock's affidavit stated that she observed and inspected the chair in which Mr. Picerni alleged that he fell, and the chair was not and had never been defective, damaged, or broken. Mr. Johnson's affidavit similarly stated that he inspected and performed tests on the subject chair. Contrary to Mr. Picerni's assertions, the attestations by Ms. Bullock and Mr. Johnson denote some personal knowledge of the chair-at-issue. Outside of argument, Mr. Picerni did not present any admissible evidence to contradict the attestations of personal knowledge by Ms. Bullock or Mr. Johnson. On the showing made, we cannot find that the trial court erred in admitting the affidavits of Ms. Bullock and Mr. Johnson into

evidence for summary judgment purposes.

## DECREE

Upon *de novo* review of the admissible evidence and applicable law, we find that there is no remaining genuine issue of material fact on whether the chair was defective or whether Marriott knew or should have known of any alleged defect in the chair. Marriott presented evidence that the subject chair was not defective, while Mr. Picerni failed to present any admissible evidence sufficient to create a genuine issue of material fact. We further find that Marriott is entitled to summary judgment as a matter of law. Accordingly, we affirm the trial court's summary judgment in favor of Marriott and dismissal of Mr. Picerni's action.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 15, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-449

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
VANESSA MOTTA (APPELLANT)          ROGER A. JAVIER (APPELLEE)

**MAILED**
CHRISTOPHER P. LAWLER (APPELLEE)
ERIC K. BUERGER (APPELLEE)
ATTORNEYS AT LAW
1340 POYDRAS STREET
SUITE 2100
NEW ORLEANS, LA 70112